Lurie & Zaller, Cleveland, and Reed & Diefenbach, Akron, for appellant.

## KINDBERG v C. I. T. CORPORATION

Ohio Appeals, 9th Dist, Summit Co

No 3229.   Decided March 8, 1940

## OPINION

PER CURIAM:

On June 18, 1937, the plaintiff below, appellee here, purchased from one S. D. Keener, doing business as Keener Motor Sales, a 1937 Hudson touring brougham, and executed her note, signed by herself and her son, for the unpaid balance owing upon the automobile. Said note was secured by a mortgage upon the Hudson brougham, which note and mortgage were by Keener sold to the C. I. T. Corporation, the defendant below and appellant here.

Thereafter certain delinquencies arose by reason of the nonpayment of the sums stipulated in the note to be paid by the Kindbergs, and certain negotiations were had between the Kindbergs and the defendant, C. I. T. Corporation, looking towards an extension of time within which to make said payments.

On October 3, 1938, there were arrearages in the payments due on the note, and the defendant instructed one of its employees, Roland Nischwitz, to obtain possession of the automobile under the

provisions of the chattel mortgage thereon.

Nischwitz thereupon went to the home of the plaintiff, and, after waiting there for some time, followed the plaintiff's son as he drove the automobile from the residence of plaintiff. Nischwitz continued to follow plaintiff's automobile to a point in front of the Goodyear Tire & Rubber Co. plant in the city of Akron, where Louis Kindberg parked the same.

Nischwitz then approached the automobile, and, after advising Louis Kindberg that he was a representative of the C. I. T. Corporation, asked Kindberg to deliver the keys of the automobile to him. This, Kindberg refused to do; whereupon Nischwitz raised the hood of the automobile and removed therefrom the rotar of the distributor.

Nischwitz then called the local office of the defendant and requested that a tow car be sent out to tow said automobile away. Mr. George Wall, the man in charge of the local office of the defendant corporation, thereupon called Elton's Towing Service, Inc., and made arrangements for them to send their tow truck and a driver to take said automobile to a garage.

Shortly thereafter, the driver of the tow truck, one Sheldon Bartlett, in pursuance of instructions given him by the girl in the office of Elton's Towing Service, Inc., drove said tow truck to the place where plaintiff's automobile was located, where Mr. Nischwitz met him and pointed out to him the automobile which was to be towed away.

Bartlett thereupon forced a window of the Hudson automobile, and then began to place the chains of the tow truck on the automobile. While in the process of so doing, the plaintiff arrived upon the scene and remonstrated with Bartlett. An altercation then arose, during which the representative of the defendant company, Mr. Nischwitz, sat immediately in back of the Hudson automobile in his own car, giving instructions to take the car away notwithstanding the physical efforts of Mrs. Kindberg to prevent Bartlett doing so, and in the altercation the plaintiff, in attempting to prevent her car being towed away, was alleged to have been struck, bruised and injured by Bartlett, who, it was claimed, was at that time acting under the direction of Nischwitz, and as the agent of defendant.

At the termination of said altercation, plaintiff's automobile was towed away by the tow truck. This action was brought by plaintiff for the purpose of recovering damages for injuries asserted to have been suffered by her in the alleged assault and battery, and also to recover the value of her car, which, she claimed, was converted by defendant.

Trial to a jury resulted in a verdict for $2000.00 on the first cause of action for personal injuries, and on the second cause of action for conversion, a verdict was returned in the sum of $625. From the judgment entered upon said verdicts, appeal on questions of law brings the matter before this court.

We are of the opinion that the trial court, under the evidence here adduced, properly determined as a matter of law that Bartlett, at said time and place, was the agent of defendant, and that it did not err in submitting to the jury only the question as to whether or not Bartlett was acting within the scope of his employment.

We are further of the opinion that the court did not err in its refusal to submit the question of recoupment to the jury, for the undisputed evidence was to the effect that defendant at the time of trial was not the owner of the note and mortgage under which it was claimed the right of recoupment existed.

There are contained in the brief of appellant discussions of 21 other assignments of error. We have carefully considered each of said assignments of error, and all of them are resolved against the appellant.

The judgment is affirmed.

WASHBURN, PJ., DOYLE & STEVENS, JJ., concur.