FINLEY ET AL., APPELLANTS, *v.*
SCHUETT; HAGUE ET AL., D.B.A. HAGUE
REALTORS, ET AL., APPELLEES.

(No. C-810961—Decided
October 20, 1982.)

*Messrs. Lindhorst & Dreidame, Mr. Christopher P. Dietz* and *Mr. Leo J. Breslin,* for appellants.

*Mr. Edward J. McTigue,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiffs-appellants, Robert and Donna Finley, seek recovery of damages for personal injuries received from an assault on the person of Robert Finley by defendant John Schuett, said to have been an employee of defendants-appellees and acting within the scope of his employment with them. The matter came on for trial, Schuett appearing neither in person nor by counsel, but with a defense entered on behalf of appellees consisting of a challenge to the predicates of liability under *respondeat superior.* At the conclusion of the appellants' case, the court directed a verdict for appellees and dismissed them from the action, simultaneously directing a verdict for appellants against Schuett individually for $150,000. This latter judgment was not appealed and is not before us. Subsequently, appellants moved for a new trial and relief from judgment as to appellees, asserting newly discovered evidence relating to the issue of appellees' employment of Schuett. After arguments, the motions were denied and this appeal timely followed.

We affirm.

While the arguments of counsel, both by brief and orally, concentrate themselves on the issue of Schuett's employment (or lack thereof) by appellees, we

think the matter more susceptible of resolution otherwise.

It is clear that a principal shall be liable for the tortious acts of his agent only when such acts were done in the execution of his principal's business and within the scope of the agent's employment. See *King* v. *Magaw* (1957), 104 Ohio App. 469, 471-472 [5 O.O.2d 162]. See, also, *Combs* v. *Kobacker Stores* (1953), 65 Ohio Law Abs. 326, and *Rouda* v. *Lowry & Goebel Co.* (1917), 9 Ohio App. 91. Where an act has no relation to the conduct of the master's business, it may not be argued that the servant was acting upon the scope of his authority. See *Longona* v. *Bd. of Liquor Control* (App. 1958), 6 O.O. 2d 417. There is no presumption that the wrongful act of the agent was the act of the principal; authority to do the act must be demonstrated, or ratification of the act by the principal shown. Where the tort consists of a wilful and malicious act, as here, it is not generally considered within the scope of the agent's employment. *Southeastern Greyhound Lines* v. *Harden's Admx.* (1940), 281 Ky. 345, 136 S.W. 2d 42; *John* v. *Lococo* (1934), 256 Ky. 607, 76 S.W. 2d 897. One authority has expressed the rule as follows:

"The principal or master, ordinarily, is not liable for the willful and malicious torts of the subordinate, if the act is done for no other purpose than to gratify the subordinate's ill will against the person injured, for such assault is a departure from the employment. But if the act is within the scope of the employment, the fact that it may have been done maliciously and willfully does not affect the superior's liability." 3 Ohio Jurisprudence 3d (1978), Agency, Section 155. See, also, 57 Corpus Juris Secundum (1948), Master & Servant, Section 575.

The rule is illustrated by a number of cases, a few of which may be cited as representative. Thus, in *Vrabel* v. *Acri* (1952), 156 Ohio St. 467 [46 O.O. 387], the court applied the general rule of non-liability in the case of an individual left in charge of a bar who drew a gun, shooting one patron and physically assaulting the plaintiff, stating at pages 473-474:

"'* * * The wilful and malicious attack by Michael Acri upon the plaintiff in the Acri Cafe cannot reasonably be said to have come within the scope of the business of operating the cafe, so as to have rendered the absent defendant * * * accountable.

"Since the liability of one partner or of one engaged in a joint enterprise for the acts of his associates is founded upon principles of agency, the statement is in point that an intentional and wilful attack committed by an agent or employee, to vent his own spleen and malevolence against the injured person, is a clear departure from his employment and his principal or employer is not responsible therefor." *Id.* at 473-474. See, also, *Little Miami Co.* v. *Wetmore* (1869), 19 Ohio St. 110.

To similar effect is the decision in *Fisher* v. *Hering* (1948), 88 Ohio App. 107 [44 O.O. 79], where the trial court was held properly to have directed a verdict for the defendant employer of a waitress who struck a patron of the restaurant who accused her of short-changing customers, since the waitress was not as a matter of law acting within the scope of her employment in assaulting a patron.

The other side of the coin may be illustrated by the decision in *Kindberg* v. *C.I.T. Corp.* (App. 1940), 35 Ohio Law Abs. 523, where the defendant finance company instructed its agent to haul away the defaulting plaintiff's car notwithstanding the plaintiff's efforts to prevent him from doing so, and where the agent promptly assaulted the plaintiff who was resisting the repossession. The court held that the issue of the agent acting within the scope of his employment was properly submitted to the jury, and a judgment for the plaintiff was affirmed. See, also, *Blakely* v. *Greer* (1905), 18 Ohio C.C. 33, 7

Ohio C.C. (N.S.) 169, affirmed, without opinion, 76 Ohio St. 595.

Reviewing the record in the instant case, we conclude that reasonable minds could have come to but one conclusion, adverse to appellants, on the determinative issue of the scope of employment. Civ. R. 50(A). Thus, even if we assume the disputed issue of Schuett's employment by the appellees, including his authority to attend to complaints and controversies from tenants, the record is bare of any suggestion that such authority extended, expressly or by implication, to the use of physical force against a tenant of the apartment complex. The case appears to us one in which Schuett simply lost his temper, for whatever reason, and for the period of the assault acted solely out of personal enragement and malice against the tenant and outside the scope of his arguable employment with appellees. It follows, then, that the trial court properly directed a verdict in favor of appellees. The first assignment of error is overruled.

The second assignment of error is directed to the overruling of appellants' motion for a new trial and for relief from judgment, and is predicated upon the arguable effect of newly discovered evidence relating to the issue of Schuett's employment by appellees. Inasmuch as the case fails upon the issue of Schuett's scope of employment, *supra,* the resolution of the issue of employment becomes irrelevant and moot. As pointed out in our disposition of the first assignment of error, even if we assume that Schuett was employed by appellees, the result of the trial would have been precisely the same. The second assignment of error is accordingly overruled.

The judgment is affirmed.

*Judgment affirmed.*

SHANNON, P.J., PALMER and BLACK, JJ., concur.