HESTER, APPELLANT, *v.* CHURCH'S FRIED CHICKEN, APPELLEE, ET AL.

(No. C-850505 — Decided May 21, 1986.)

*Ivan L. Tamarkin,* for appellant.
*David S. Mann,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

In the order from which this appeal is taken, an employer was absolved of liability as a matter of law for an act of assault that stemmed from a confrontation between two of its employees. We must now determine from the evidence in the record whether the entry of summary judgment derived properly from a determination that the assault was not attributable to the employer under the doctrine of *respondeat superior* because it had not taken place in the execution of the employer's business and within the scope of the tortfeasor's employment.

The principles of law that govern our resolution of the issues posed by the three assignments of error given to us for review are found in *Finley* v. *Schuett* (1982), 8 Ohio App. 3d 38, where we predicated our analysis of an employer's liability for the intentional tort of an employee upon these statements:

"* * * There is no presumption that the wrongful act of the agent was the act of the principal; authority to do the act must be demonstrated, or ratification of the act by the principal shown. Where the tort consists of a wilful and

malicious act, as here, it is not generally considered within the scope of the agent's employment. * * *" *Id.* at 39.

In the case *sub judice,* the assault in question followed an attempt by the tortfeasor to reprimand one of the employees under his supervision for what he apparently regarded as an instance of unsatisfactory job performance. It began harmlessly enough with several disparaging remarks about the employee's personal life, but ended only moments later in a fit of rage when the tortfeasor grabbed the employee by her collar, threw her to the ground and kicked her in the back.

Although it may be said on the state of this record that the tortfeasor had the authority to engage in limited forms of disciplinary action in accordance with the established policies of his employer, there is nothing to controvert the employer's evidence that such authority did not extend to the unprovoked use of physical violence against a fellow employee; nor is there any tenable factual basis to support a finding that the tortfeasor's actions apart from the initial reprimand were ratified by his employer. In our view, the only reasonable conclusion to be drawn from the evidence is that the tortfeasor simply lost his temper and was motivated to commit the assault solely out of feelings of personal ill will and malice harbored against his victim. Applying the standards of *Finley,* we are convinced, therefore, as a matter of law that the assault took place beyond the scope of the tortfeasor's employment, and that no liability could have attached to the employer under the doctrine of *respondeat superior.* The three assignments of error given to us for review are, accordingly, without merit.

We hereby affirm the judgment of the court of common pleas.

*Judgment affirmed.*

DOAN, P.J., and SHANNON, J., concur.

BLACK, J., dissents.

BLACK, J., dissenting. I respectfully dissent, because I do not believe appellee, Church's Fried Chicken, was entitled to summary judgment. I perceive a genuine issue of material fact, and that is whether the assault occurred within Al Howard's scope of employment, or more precisely, whether the assault occurred in the performance of duties he was employed to perform for the furtherance of the employer's business, or was an independent act generated by Howard's personal malice and vindictiveness. 53 American Jurisprudence 2d (1970) 267, Master and Servant, Section 213; Annotation, Master's Liability for Injury of One Servant by Another in Enforcing Discipline (1920), 8 A.L.R. 1432. I agree that "[t]here is no presumption that the wrongful act of the agent was the act of the principal," *Finley* v. *Schuett* (1982), 8 Ohio App. 3d 38, 39, but on the other hand, there is no presumption that a wilful, malicious act of an employee is beyond the scope of employment. *King* v. *Magaw* (1957), 104 Ohio App. 469. Because the incident under scrutiny started with an attempt by the supervisor to enforce the appellant's performance of her job as designated by the employer, I cannot say that the assault was beyond the supervisor's scope of employment as a matter of law.