**DORSEY, Appellant,**

v.

**MORRIS et al.; Midwest Rubber, Appellee.**

[Cite as *Dorsey v. Morris* (1992), 82 Ohio App.3d 176.]

Court of Appeals of Ohio,
Summit County.

No. 15538.

Decided Sept. 16, 1992.

*R. David Briggs*, for appellant.

*Michael Ciccolini*, for Jeff Morris.

*Ronald Lee and Lee Shaffer*, for appellee Midwest Rubber.

CACIOPPO, Judge.

On December 17, 1989, plaintiff-appellant, Dale R. Dorsey, was working as a second-shift foreman for defendant-appellee, Midwest Rubber ("Midwest"). Dorsey was stationed at the banbury mixer when he dropped a batch of rubber, causing carbon black to spill over a large area. His supervisor, Jeff

Morris, threw a sample piece of rubber at Dorsey, hitting Dorsey in the groin, and causing him injury. This lawsuit followed in which Dorsey sought recovery from both Morris individually and Midwest under the doctrine of *respondeat superior.*

The trial court granted a summary judgment for Midwest, finding that Morris did not act within the scope of his employment. Dorsey appeals this judgment asserting the following assignment of error.

### Assignment of Error

"The trial court erred by granting summary judgment to Midwest Rubber because genuine issues of material fact remained as to Midwest Rubber's liability for its supervisor's assault on appellant."

In reviewing a summary judgment, trial and appellate courts adhere to the same standard. *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976. A summary judgment is proper when it is determined that:

"(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

After viewing the evidence most strongly in favor of the appellant, we find that no genuine issues of material fact remain as to Midwest Rubber's liability for Morris' actions.

An employer is not ordinarily liable for the intentional torts of his employee performed outside the scope of employment. *Miller v. Reed* (1986), 27 Ohio App.3d 70, 72, 27 OBR 89, 91, 499 N.E.2d 919, 921; *Hester v. Church's Fried Chicken* (1986), 27 Ohio App.3d 74, 74–75, 27 OBR 93, 93–94, 499 N.E.2d 923, 924; *Lamson v. Firestone Tire & Rubber Co.* (Mar. 13, 1991), Summit App. No. 14692, unreported, at 6, 1991 WL 35098; 3 Ohio Jurisprudence 3d (1978) 235, Agency, Section 155. Morris' conduct clearly fits the definition of the intentional tort of battery. Nevertheless, appellant contends that Morris committed this battery within the scope of his employment because he acted to further Midwest's business. Specifically, appellant argues that because Morris threw the rubber in an attempt to reprimand appellant for his unsatisfactory work performance, Morris acted within the scope of his employment as a Midwest supervisor. We disagree.

Morris' acts unmistakably fall outside of his duties as appellant's supervisor. Supervision involves overseeing, directing, and sometimes disciplining other employees, but it does not include using physical violence to reprimand an employee. In reaching this conclusion, we find support from other Ohio Courts of Appeals deciding similar controversies.

In *Miller v. Reed, supra,* the Allen County Court of Appeals found that a supervisor who shoved a fellow employee in an attempt to discipline her exceeded his authority as a supervisor. *Miller,* 27 Ohio App.3d at 73, 27 OBR at 92, 499 N.E.2d at 922. The court absolved the supervisor's employer, Mello–Creme, from liability for the supervisor's acts. *Id.* at 74, 27 OBR at 93, 499 N.E.2d at 923. Similarly, in *Hester v. Church's Fried Chicken, supra,* the Court of Appeals for Hamilton County absolved Church's Fried Chicken from liability for its supervisor's assault of a fellow employee. *Hester,* 27 Ohio App.3d at 75, 27 OBR at 94, 499 N.E.2d at 924. The court stated that a supervisor may have "the authority to engage in limited forms of disciplinary action" but such authority does "not extend to the unprovoked use of physical violence against a fellow employee." *Id.*

Having found that Morris acted outside the scope of his employment, we next turn to appellant's argument that Midwest ratified Morris' actions. If Midwest's actions after the incident demonstrated that it accepted Morris' behavior as proper disciplinary procedure, Midwest would have ratified Morris' conduct. A court could then impute the intent of Morris to Midwest.

The Ohio Supreme Court has held that "[a] motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of syllabus. Thus, in order to overcome appellee's motion for summary judgment, appellant needed to present some evidence that Midwest ratified Morris' conduct. Appellant presented only his own affidavit. In this affidavit, appellant simply stated that (1) Midwest continues to employ Morris as a supervisor, and (2) Morris has yet to apologize to appellant.

Midwest submitted an affidavit of Gerald J. Weigard, its plant superintendent. Weigard stated that the day after Morris' actions he suspended Morris without pay until Morris (1) sought and attended psychiatric help, (2) learned to control his temper, and (3) apologized to the appellant. Moreover, Weigard told Morris that if he did not comply with these conditions by January 15, 1990, Midwest would permanently dismiss him. In the face of Weigard's affidavit, we find that appellant's affidavit does not raise an issue of fact. Viewing the facts most strongly in favor of the appellant, reasonable minds could reach but one conclusion: Midwest did not ratify Morris' conduct.

Finally, appellant claims that even if Morris acted outside the scope of his employment, Midwest knew or had reason to know that Morris posed an unreasonable risk of harm to its other employees. Under the *Wing* doctrine, appellant must present sufficient evidence to support this claim. *Wing, supra,* paragraph three of the syllabus.

Appellant submitted as evidence an unauthenticated copy of a grievance statement filed by another employee against Morris. The incident prompting the grievance statement occurred before the altercation between Morris and appellant. In the grievance statement, an employee at Midwest claimed that Morris exceeded proper norms when he orally lambasted her for her poor work performance. Also, appellant asserts in his own affidavit that he has personal knowledge that Morris had used physical violence and/or threats of physical violence against him and other employees.

As to the weight we should give the grievance statement, we glean guidance from Civ.R. 56(C). The rule states in part that:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."

The grievance statement does not comply with the mandate of Civ.R. 56(C). We note that during the discovery stage of this litigation, appellant had ample opportunity to obtain evidence of Morris' past conduct which complied with this rule.

Thus, we agree with the trial court's finding that appellant's affidavit and unsworn statements are not sufficient evidence to satisfy the burden of proof required by *Wing.* In applying the standards set out in Civ.R. 56(C) and *Wing,* we find that there was no competent evidence presented to show that Midwest had reason to know that Morris posed an unreasonable risk of harm to other Midwest employees.

For the aforementioned reasons, we find that the trial court properly concluded that no genuine issue of material fact remained as to Midwest's liability in this case.

Appellant's assignment of error is not well taken.

The summary judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.