OPINION
Appellant, Willie Smith ("Smith"), appeals from the judgment of the Trumbull County Court of Common Pleas. Appellee, L.J. Lewis Enterprises, Inc., d.b.a. Action Emergency Ambulance, was granted its motion for summary judgment. The trial court also granted a "John Doe" defendant his motion to dismiss.
Smith's cause of action alleged negligence and assault and battery. Two separate incidents, both which occurred on June 19, 1996, formed the basis of this lawsuit. On that morning, Smith was at the Warren Municipal Court. At some point, he attempted to leave, but a police officer blocked him from entering the elevator and told him to sit back down in the hallway. Smith swooned and fell backwards on the floor, hitting his head. Action Emergency Ambulance was called to take him to the hospital.
Two "John Doe" employees of appellee placed Smith on a collapsible gurney to remove him from the courthouse. The police handcuffed Smith's hands and feet to the gurney, and he was removed from the building. Once outside, the two attendants proceeded to collapse the legs of the gurney before loading it onto the ambulance. At this point, Smith claims his right wrist and hand were caught by the handcuffs between a folding part of the gurney, and consequently got crushed when the gurney was collapsed for loading. Smith was then loaded on the ambulance. He claims he was screaming. He claims the attendant was unable to free his hand, so the gurney was taken back off the ambulance and opened back up. An officer removed the handcuff, then the gurney was re-loaded onto the ambulance, and he was taken to the hospital.
At the hospital, Smith was examined by emergency room personnel. His chief complaint was listed as a "syncopal episode" (fainting). The emergency room nurse, who took notes of his complaint, indicated Smith complained of having experienced chest pains earlier, and pain in his shoulder as a result of the fall. No mention was made of an injury to his hand or wrist. After the initial examination, Smith refused further treatment and left the hospital against medical advice. A doctor, two nurses, and the security guard attempted to persuade him to stay, but he left and returned to the courthouse.
Upon returning to the courthouse, Smith got involved in a scuffle with courthouse personnel. He assaulted a police officer. He was charged with assault, disorderly conduct, and resisting arrest. He was placed in a courthouse holding cell. Later in the afternoon, he began experiencing physical spasms, and Action Emergency Ambulance was called again. Smith was taken to St. Joseph's Medical Center. Once there, Smith claims an emergency room nurse made a remark that he did not appreciate, and he asked the ambulance attendant, John Doe, to take him to Trumbull Memorial Hospital. John Doe told Smith he would not transport Smith there in the ambulance. Smith indicated he would get to Trumbull Memorial on his own.
At this point, Smith was still on the ambulance gurney. John Doe walked away and had a discussion with a nurse. When John Doe returned, he told Smith that they needed to get Smith off of the ambulance gurney and onto a hospital bed. Smith claims at that point he got off the gurney himself and was standing next to it. He told John Doe he was leaving the hospital. John Doe again asked him to get onto the hospital bed. He refused again. Smith claims at that point John Doe hit him in the chest, knocking him backwards to the floor. This constituted the assault for which Smith filed suit. Shortly thereafter, Smith left the hospital under his own power.
At approximately 11:00 p.m. that night, Smith went to the emergency room at Trumbull Memorial Hospital. The hospital report indicates he complained of a headache, mild neck pain, right shoulder discomfort, and "out of control" diabetes. The report indicates Smith denied experiencing any "extremity discomfort." The report also stated Smith's "extremities demonstrate full range of motion, no evidence of injury except to the right shoulder with generalized pain throughout."
Smith, pro se, filed his complaint on June 19, 1998, two years after the incident. The complaint named appellee and "John Doe, unknown employee of the defendant," as defendants. Smith did not aver in his complaint that he was unable to discover the name of the John Doe defendant. While the complaint was properly served upon appellee, no attempt was made to perfect service upon the John Doe defendant(s). In December of 1999, approximately eighteen months after the complaint was filed, Smith filed a motion, designated as a Civ.R. 15(B) motion, to amend his complaint by naming the two previously unnamed defendants. Again, no attempt was made to serve the complaint upon these individuals.
Prior to Smith's motion to amend his complaint, on October 5, 1999, appellee filed a combined motion to dismiss and motion for summary judgment. Appellee argued that the John Doe defendants were entitled to a dismissal because they had not been served process in accordance with Civ.R. 3. Consequently, no action had commenced against them within the one-year requirement of the rule, and they were entitled to a dismissal.
With respect to the alleged wrist/hand injury from the first incident, appellee argued it was entitled to summary judgment because Smith would be unable to establish the element of injury. Appellee argued that, aside from Smith's allegation his hand was injured, there was no evidence establishing an injury had occurred and, in fact, all the medical evidence contradicts the existence of an injury. With respect to the alleged assault that occurred in the afternoon, appellee argued that it could only be held liable for the conduct of one of its agents if that agent's actions were within the scope of the agent's employment. Appellee argued assaulting people was not within the scope of employment. Appellee also argued it did not in any way authorize, ratify, acquiesce, or participate in any such activity.
The trial court granted both the motion to dismiss and the motions for summary judgment. From this judgment, Smith timely filed notice of appeal, assigning the following errors:
 "[1]. The trial court erred to the prejudice of the plaintiff-appellant by dismissing the plaintiff-appellant's complaint against the defendant-appellee L.J. Lewis, d.b.a. Action Ambulance, Inc.
 "[2]. The trial court erred to the prejudice of the plaintiff-appellant by granting summary judgment when there were genuine issues of facts to be presented to a jury.
 "[3]. The trial court deprived the plaintiff-appellant of his civil rights pursuant to the Seventh Amendment of the Constitution of the United States of America."
 Addressing the third assignment of error first, Smith argues that, because the grant of the motion for summary judgment terminated the litigation at the court of common pleas without a jury trial, he was deprived his federal right to try a civil matter by jury. Smith is incorrect. Rules providing for summary judgment under reasonable procedures and conditions are constitutional. See Fidelity Deposit Co. v. United States (1902), 187 U.S. 315. Ohio's Civ.R. 56, adopted in 1970, governs motions for summary judgment and is patterned after the federal rule. Smith makes no showing or argument that the Ohio rules and procedures governing summary judgment are unreasonable. Summary judgment does not deny a litigant's right to trial by jury by preventing a trial, because, in these circumstances, the plaintiff has insufficient issues to try. See Sartor v. Arkansas Natural Gas Corp. (1944), 321 U.S. 620, 627. While, in a given case, there may be many issues in dispute, a complete failure of proof on an essential element of a litigant's case renders all other facts immaterial. Smith's third assignment of error is without merit.
With respect to his first assignment of error, Smith misunderstands the trial court's judgment. He argues the trial court erred when it dismissed his claim against appellee, because appellee can be held liable for the action of its employees under the doctrine of respondeatsuperior. However, the court did not dismiss his claim against appellee, it dismissed his claim against the John Doe defendants and, thus, his argument addresses the wrong party.
Although Smith has not briefed this court on whether this dismissal was improper with respect to the John Doe defendants, we note that, in fact, it was in accordance with the law. Civ.R. 15(D) requires that, in cases where the plaintiff does not know the name of the defendant, the complaint must aver that he was unable to discover the name of the defendant. That was not done in this case. Furthermore, all actions must be commenced in accordance with Civ.R. 3. The rule requires that service of process must be effected upon a defendant, including a "John Doe" defendant, within one year of the filing of the complaint. SeeAmerine v. Haughton Elevator Co. (1989), 42 Ohio St.3d 57. Also, under Civ.R. 15(D), in cases where the name of the defendant is unknown, the complaint must be served personally upon that defendant. It appears from the record that the complaint was never personally served on the John Doe defendants. Thus, the dismissal of the complaint, as to the John Doe employees, was proper. Smith's first assignment of error is without merit.
In his second assignment of error, Smith argues the trial court erred by granting appellee's motion for summary judgment. The standard of review for summary judgment is the same for both a trial and an appellate court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Our review is de novo. Burkholder v. Straughn (June 26, 1998), Trumbull App. No. 97-T-0146, unreported, 1998 Ohio App. LEXIS 2895, at *6.
Smith's cause of action against appellee consisted of two claims, based on two distinct events. Each requires an independent analysis. With respect to Smith's first claim, that his hand was crushed by the gurney, appellee argued that the claim must fail because Smith had not and could not produce any evidence establishing the fact that he was injured (that his hand was damaged).
In his complaint, his deposition, and his affidavit submitted in response to appellee's motion for summary judgment, Smith alleges that his right hand and wrist were crushed by the gurney he was on when appellee's attendants collapsed it to load it onto the ambulance. Smith's claim is a claim in negligence. As to the elements of a cause of action in negligence it can be said that "[i]t is rudimentary that in order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." (Citations omitted.) Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 77.
The issue at hand is whether Smith has put forth enough evidence and alleged facts in the requisite specificity to survive a motion for summary judgment. In a summary judgment exercise, a court must construe the evidence most favorably to the non-moving party. Generally speaking, courts are not to engage in the weighing of evidence in summary judgment, rather they are to accept the allegations of the non-moving party as true. As the court stated in Hudson v. East Cleveland (Mar. 10. 1994), Cuyahoga App. No. 65924, unreported, 1994 Ohio App. LEXIS 1040:
 "* * * [U]nless plaintiff's allegations are inherently incredible, or rendered so by material presented by the defendant, summary judgment cannot be properly granted on the weight of the evidence. To grant summary judgment because a party's position is supported by more numerous and more credible affidavits, is actually weighing the evidence, and that the court cannot do. Hirschberg v. Albright
(1974), 67 O.O.2d 219." (Parallel citations omitted.) Id. at *6.
 Thus, in summary judgment, unless the non-moving party's allegations of fact are inherently incredible, patently false, or made in bad faith, a court must accept them as true in its analysis. While expressing no opinion as to whether it actually occurred, we find nothing inherently incredible in Smith's allegations that his hand was crushed when the gurney was collapsed for transport. Accepting that as true, it would seem to follow that some injury occurred.
The remaining question is whether Smith has alleged facts in the requisite specificity with regard to his injury to survive the motion for summary judgment. In its motion for summary judgment, appellee met its burden of demonstrating there was no evidence of injury beyond Smith's allegations by informing the court of this issue and pointing to the portions of the record, such as the reports made by both hospitals, indicating that there was no evidence of any injury to Smith's hand or wrist. In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court addressed the burdens of the parties' in a summary judgment exercise and, in relevant part, stated:
 "* * * [I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial
and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." (Emphasis added.) Id. at 293.
 Appellee, having met its initial burden, activated Smith's reciprocal burden to set forth specific facts establishing that an injury was incurred. As the existence or non-existence of actual injury was the issue, Smith needed to focus on this point. Civ.R. 56(E), states, in relevant part, that:
 "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 In applying this statute, this court has stated that "[t]he requirement that the adverse party `set forth specific facts' by affidavit means exactly what it says. The adverse party must `set up' the genuine material fact dispute through specific facts, and not rely on conclusory statements." Kaliszewski v. Stevens Towing
(Nov. 9, 1990), Lake App. No. 89-L-14-144, unreported, 1990 Ohio App. LEXIS 4876, at *6-7.
The question, therefore, is whether, anywhere in the record, Smith has set forth facts regarding his injury in sufficient specificity to raise a genuine issue of material fact as to whether he incurred an actual injury to his hand. Neither in his response to the motion for summary judgment nor in his brief on appeal has Smith directed our attention to evidence in the record that he actually sustained an injury. There are no medical records or other documentary evidence in the record indicating such an injury. In his complaint, he alleged he missed work and consequently lost $5,000. However, there is no evidence in the record supporting this allegation. While, assuming his hand was caught in the gurney, it seems logical that some injury would result, Smith has not provided the court with any evidence of injury beyond his allegations. Consequently, with respect to an essential element of his claim, injury, Smith has failed to meet the burden imposed on him by Civ.R. 56(E). Therefore, regarding this incident, the trial court's grant of summary judgment was appropriate.
With respect to Smith's second claim, that appellee was liable for the assault allegedly committed by its employee, appellee argued that, assuming an assault occurred, any assault committed by one of its employees would have been outside of the scope of that employee's employment. Therefore, appellee argues, regardless of whether an assault occurred, it could not be held liable as a matter of law. Under the doctrine of respondeat superior, an employer is not liable for the intentional, malicious acts of an employee performed while the employee is acting outside the scope of his or her employment. Taylor v. DoctorsHospital (1985), 21 Ohio App.3d 154. "`* * * [A]n intentional and wilful attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person, is a clear departure from his employment and his principal or employer is not responsible therefore.'"Schulman v. Cleveland (1972), 30 Ohio St.2d 196, 198, quoting LittleMiami Railroad Co. v. Wetmore (1869), 19 Ohio St. 110, 132. Conversely, an employer can be liable for the intentional, malicious acts of an employee performed in the scope of his employment. See Wiebold Studio,Inc. v. Old World Restorations, Inc. (1985), 19 Ohio App.3d 246.
Assuming for purposes of summary judgment that an assault did occur, the question to be resolved is whether the act of hitting Smith in the chest was done within the scope of John Doe's employment. In order to affirm the trial court's judgment, we must be able to conclude as amatter of law that it was not within the scope of John Doe's employment. In Finley v. Schuett (1982), 8 Ohio App.3d 38, the court stated:
 "It is clear that a principal shall be liable for the tortious acts of his agent only when such acts were done in the execution of his principal's business and within the scope of the agent's employment. * * * Where an act has no relation to the conduct of the master's business, it may not be argued that the servant was acting upon the scope of his authority. * * * There is no presumption that the wrongful act of the agent was the act of the principal; authority to do the act must be demonstrated, or ratification of the act by the principal shown. Where the tort consists of a wilful and malicious act, as here, it is not generally considered within the scope of the agent's employment." (Citations omitted.) (Emphasis added.) Id., at 39.
In evaluating whether an employer is liable for an assault committed by an employee, the key element is whether the assault was "`calculated to facilitate or promote the business for which the servant is employed.'"Taylor v. Doctors Hospital, 21 Ohio App.3d at 156, quoting Little MiamiRailroad Co.
In the present case, John Doe had delivered Smith to the hospital and appears to have been completing his duties when the incident occurred. Smith had gotten off of the ambulance's gurney and was standing next to it. Smith alleges that the employee was telling him to get onto a hospital bed. Smith was refusing to get onto the hospital bed. Smith alleges the employee then purposefully hit him in the chest in an attempt to force him onto the hospital bed. While it seems clear from the record that Smith had a special facility for annoying people to the point where they might lash out in a malicious manner, in construing the evidence as required by Civ.R. 56, we are forced to conclude that there remains a genuine issue of material fact as to whether, if John Doe shoved Smith, it was done within the scope of his employment. Therefore, we must reverse the trial court's judgment with respect to the second incident only and remand the matter for proceedings consistent with this opinion.
PRESIDING JUDGE WILLIAM M. O'NEILL, CHRISTLEY, J., dissents with Dissenting Opinion, GRENDELL, J., concurs in judgment only.