TAYLOR ET AL., APPELLANTS, *v.*
DOCTORS HOSPITAL (WEST) ET AL.,
APPELLEES.

(No. 83AP-625—Decided February 19, 1985.)

*Karam & Feinstein* and *Michael J. Fusco,* for appellants.

*Graham, Dutro & Nemeth, H.C. Dutro, Jr.,* and *Mary Ellen Spirito; Lane, Alton & Horst, Jack R. Alton* and *Thomas A. Dillon,* for appellees.

MOYER, J. This matter is before us on the appeal of plaintiffs-appellants, G. Frances Taylor and her husband, Charles E. Taylor, from a judgment of the Franklin County Court of Common Pleas. The trial court directed a verdict in favor of defendant, Doctors Hospital, on the issue of *respondeat superior,* and rejected the Taylors' request for a jury instruction on punitive damages, submitting the case to the jury on the theory of negligence alone. The jury returned a verdict in favor of Doctors Hospital.

On October 30, 1980, Mrs. Taylor was admitted to Doctors Hospital after having been injured in an automobile accident. Her course of treatment included physical therapy, medication and traction. Mark Glover was a radiation orderly in Doctors Hospital at that time. His duties consisted primarily of transporting patients to and from the radiology department. His working hours were usually from 6:30 a.m. to 2:30 p.m., during which times he wore the usual white hospital uniform.

On November 4, 1980, Glover entered Taylor's hospital room. Taylor testified that Glover was at that time wearing his hospital uniform; that he offered to give her a massage; that she believed that Glover was from the physical therapy department and that she therefore consented to a massage; that Glover instead committed sexual assault and sexual battery upon her, having first pulled a drape around her bed; and that Glover subsequently threatened her with words and gestures.

Three days after the incident and following an investigation by hospital personnel, Glover was discharged from his employment.

Taylor's hospital roommate testified at trial that she had witnessed the entire incident; that Glover was wearing street clothes at the time instead of his hospital uniform; and that Taylor appeared to be a willing and active participant in the sexual contact which then occurred, rather than the victim of a sexual assault.

Mrs. Taylor raises the following two assignments of error in support of her appeal:

"I. The trial court erred, as a matter of law, in sustaining appellee's motion for a direct [*sic*] verdict on the issue of *respondeat superior* since there was ample evidence in the record, upon which reasonable minds could have concluded such issue in favor of plaintiffs.

"II. The court erred in not permitting the jury to consider the issue of punitive damages against Doctors Hospital."

In her first assignment of error, Taylor asserts that the trial court did not properly apply the standard for a directed verdict. This test is set forth in Civ. R. 50(A)(4) and reads as follows:

"When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that

conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

Mrs. Taylor claims that there was, in fact, substantial competent evidence in the record upon which reasonable minds could draw different conclusions. This argument is unpersuasive because the directed verdict disposed of the sole issue of the potential liability of Doctors Hospital under the theory of *respondeat superior*. Therefore, the only evidence to be considered by the court at that time was evidence bearing upon the question of whether Glover was acting within the scope of his employment at the time of the alleged incident. The conflicting evidence as to whether Glover committed assault and battery upon Taylor, or whether she consented to the incident at that time is not important to that issue.

Taylor declares that the trial court misapplied Ohio law on the issue of *respondeat superior,* by interpreting the law to hold that an employer is never liable for the intentional tort of an employee. She cites the remarks of the trial court to the effect that the evidence indicated that Glover's acts were either intentional battery, assault and intimidation, or part of a consensual endeavor; and that in either case the hospital would not be liable. It does not appear that the trial court intended that an employer should never be liable for the intentional tort of an employee; rather, that such liability should be limited to situations in which the intentional tort is within the scope of his employment.

Taylor relies primarily upon the case of *Stranahan Brothers Catering Co.* v. *Coit* (1896), 55 Ohio St. 398, to support her theory that employers may be liable for the intentional malicious torts of their employees. However, the court in *Stranahan* actually was attempting to create a very narrow exception to the then general rule that a master was not liable for the malicious acts of his servants. The court declared " '* * * that if the agent while engaged in doing something which he is authorized to do and while acting in the execution of his authority inflicts an injury upon third persons, though wilfully or maliciously, the principal is liable. * * *' " *Stranahan, supra,* at 411. The exception is explicitly limited to situations in which the malicious act of the employee is performed while the wrongdoer is acting within the scope of his authority as an employee.

Likewise, Taylor has misinterpreted the *Stranahan* court's reading of the case of *Little Miami Railroad Co.* v. *Wetmore* (1869), 19 Ohio St. 110, a case relied upon by Doctors Hospital. *Little Miami* rejected liability for a physical assault by an employee of the railway as outside the scope of employment because it in no way was "* * * calculated to facilitate or promote the business for which the servant was employed * * *." *Little Miami, supra,* at 132. *Stranahan* did not, as Taylor claims, "disapprove" the earlier case. Rather, the court distinguished the two cases.

The situation in *Stranahan* appears to be less like the case before us than does that in *Little Miami*. Indeed, the *Stranahan* court, while distinguishing *Little Miami,* stated that, if the employee in *Stranahan,* to gratify his own personal resentment, had assaulted the plaintiff, the case would be parallel to *Little Miami,* and thus there would be no employer liability. *Stranahan, supra,* at 416.

The case before us presents a situation such as that hypothesized by the *Stranahan* court: that is, one in which the employee acted from intensely personal motives, be they malice, lust or rage. It is also a situation in which he was indisputably outside his appointed tasks, *i.e.,* transporting patients to therapy, to gratify his impulses. Such an

act, also, in no way served to further or promote the business of the employer-hospital.

The principles enunciated in *Stranahan* and *Little Miami* are still followed in more recent cases, as is indicated by this statement of the court in *Schulman* v. *Cleveland* (1972), 30 Ohio St. 2d 196 [59 O.O.2d 196]:

" '* * * [A]n intentional and wilful attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person, is a clear departure from his employment and his principal or employer is not responsible therefore [*sic*].' " *Schulman, supra,* at 198.

See, also, the opinion of this court in *Haag* v. *Downing* (Mar. 10, 1977), Franklin App. No. 76AP-865, unreported, which reviews and adopts Ohio law to the effect that the test of a master's liability is whether the servant's act was performed while engaged in the employment service and while carrying on the master's business.

The trial court did not err in directing a verdict for defendant Doctors Hospital on the issue of *respondeat superior,* as there was no evidence by which reasonable minds could have concluded that Glover was acting within the scope of his employment. The first assignment of error is not well-taken and is overruled.

Taylor, in her second assignment of error, asserts that the trial court erred in refusing to instruct the jury on the issue of punitive damages with respect to the negligence claims against Doctors Hospital. The jury found for Doctors Hospital on those claims and the plaintiff could not have been prejudiced by the absence of such instruction.

The second assignment of error is without merit and is overruled.

For the foregoing reasons, the assignments of error raised by Taylor are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.