PETERS, A Minor, et al., Appellants,

v.

ASHTABULA METROPOLITAN HOUSING AUTHORITY et al., Appellees.

[Cite as *Peters v. Ashtabula Metro. Hous. Auth.* (1993), 89 Ohio App.3d 458.]

Court of Appeals of Ohio,
Ashtabula County.

No. 92–A–1732.

Decided Aug. 30, 1993.

*W. Craig Bashein,* for appellants.

*James D. Masur II,* for appellees Ashtabula Metropolitan Housing Authority and Matt Carson.

*Gregory H. Collins* and *Dennis R. Fogarty,* for appellee Jim Vargo.

---

Edward J. Mahoney, Judge.

Plaintiffs-appellants, Lee Ann Peters, a minor, and her mother, Laura Todd, appeal the trial court's judgment granting summary judgment to the defendants-appellees, Ashtabula Metropolitan Housing Authority ("AMHA"), Matt Carson ("Carson"), and Jim Vargo ("Vargo"). We affirm for the reasons hereinafter set forth.

AMHA hired Carson, a general contractor, to perform work in some of its apartment units. Carson subcontracted some of this work to Vargo. Vargo, in turn, hired Gerald Ryan to lay floor tiles in vacant apartment units.

On August 10, 1986, Vargo arrived at one of the units to check on Ryan's work and found two young girls in the unit with Ryan. Vargo questioned Ryan about the girls' presence, and Ryan explained that they were helping him. Vargo told Ryan he did not like it, but he did nothing.

Later that day, Ryan was performing work in Laura Todd's old, unoccupied apartment unit, and he requested that her children, Lee Ann Peters and Rita Peters, help him in carrying tile up to the apartment. Subsequently, Ryan sent Rita Peters to the corner store to get him a cup of coffee. He then dragged nine-year-old Lee Ann Peters into an upstairs closet where he raped her. Ryan was thereafter convicted of the rape.

On October 2, 1987, appellants filed a complaint against appellees, alleging they were liable for the injuries sustained by the minor appellant as a result of being raped by Vargo's employee, Gerald Ryan, at the apartment complex owned and operated by AMHA. Appellants sought recovery under the negligence theories of *respondeat superior,* negligent supervision, and negligent hiring.

AMHA and Carson filed a joint motion for summary judgment and subsequently filed several supplemental briefs in support of their motion, which were all opposed by appellants. On March 8, 1989, Judge Cardinal overruled appellees' joint motion for summary judgment.

On March 20, 1990, Vargo filed a motion for summary judgment. Appellants filed a brief in opposition and Vargo responded with a reply brief. On June 30, 1992, successor Judge Gary Yost granted Vargo's motion for summary judgment. To avoid an inconsistent result, Judge Yost vacated predecessor Judge Cardinal's prior denial of AMHA's and Carson's joint motion for summary judgment and granted summary judgment for those two appellees as well.

Appellants have filed a timely notice of appeal and now raise the following assignments of error:

"1. The trial court erred in granting defendant-appellees' motions for summary judgment where plaintiff-appellants demonstrated the existence of genuine issues of material facts.

"2. The trial court's successor judge erred and abused his discretion by vacating, *sua sponte*, the order of the predecessor judge denying AMHA and Carson's motion for summary judgment."

██ Under the first assignment of error, appellants contend that the trial court erred in granting summary judgment because there were genuine issues of material fact upon which reasonable minds could differ.

Pursuant to Civ.R. 56(C), summary judgment may be granted when there exists no genuine issue of material fact and when reasonable minds, construing the evidence in favor of the party opposing such motion, can come to but one conclusion and that conclusion is adverse to the party opposing the motion, and the moving party is entitled to judgment as a matter of law. In reviewing a motion for summary judgment, the court must construe the evidence in favor of the party opposing the motion. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 46–47, 517 N.E.2d 904, 906–907; *Ruwe v. Bd. of Commrs. of Hamilton Cty.* (1986), 21 Ohio St.3d 80, 21 OBR 377, 488 N.E.2d 157. When a motion for summary judgment is made, the nonmoving party must produce evidence on any issue that it bears the burden of proving at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099.

Appellants first argue, and appellees agree, that under the doctrine of *respondeat superior* an employer can be liable for the intentional, malicious acts of an employee performed in the scope of his employment. *Wiebold Studio, Inc. v. Old World Restorations, Inc.* (1985), 19 Ohio App.3d 246, 19 OBR 398, 484 N.E.2d 280.

Appellants assert that there is an issue of fact as to whether Ryan was acting

within the scope of his employment,[1] and that such issue is only for the jury. Appellees counter, and the trial court found, that reasonable minds could not differ and would find that Ryan's conduct in raping the child was an independent and clear departure from his employment. The trial court further concluded that the rape did not facilitate or promote the business of Vargo. See *Finley v. Schuett* (1982), 8 Ohio App.3d 38, 8 O.B.R. 41, 455 N.E.2d 1324, and *Taylor v. Doctors Hosp.* (1985), 21 Ohio App.3d 154, 21 O.B.R. 165, 486 N.E.2d 1249. We agree.

■ Appellant's second argument is that there is an issue of fact as to whether Vargo was negligent in hiring [2] Ryan. As the trial court stated, Vargo's only duty was to exercise ordinary care. No facts were offered which would give rise to a duty to conduct a criminal background check. (See *Wing, supra.*) Neither side actually presented any evidence of Ryan's criminal history. Vargo's deposition indicates he was not aware of Ryan's past criminal "record" but said it would not have made any difference since it was more than twenty years old. The trial court found that even if the history were known, it was so remote that it could not reasonably afford a basis of liability against Vargo for Ryan's future criminal acts. Based upon the state of the record in this case, we must concur that no facts were offered which could establish such a duty.

■ Appellants' third basis of liability is that of negligent supervision. They argue that the mere presence of the two young girls alone with Ryan while he was working in the vacant apartment, when coupled with Vargo's knowledge that Ryan knew at least one of the girls, would put a reasonably prudent person on notice that his employee would sexually assault one of the girls. Appellants also point to Vargo's statement to Ryan that "I don't like it" and Vargo's failure to do anything about "it." Appellants contend that these facts are sufficient to raise genuine issues of fact that Vargo negligently breached his duty to supervise Ryan.

Taken at its very best, under circumstances most favorable to the plaintiffs, this might put a reasonably prudent person on notice that the children might be injured by some negligent act at the work site. However, it is a giant leap to say an employer must anticipate the future criminal acts of his employee. In the absence of known criminal propensity, this criminal act was not reasonably foreseeable and cannot be attributed to any act or omission by Vargo. We reject this argument.

---

1. The trial court assumed Ryan was an employee for purposes of the motion. See Judgment Entry, at 2, June 30, 1982.

2. We do not decide the question of whether such a tort exists in Ohio. See *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 23 O.O.3d 115, 430 N.E.2d 935.

■ Appellants argue that the duty owed by Vargo, as noted by the trial court, is the duty to exercise reasonable care under the circumstances and to provide a safe workplace. Appellants, for the first time on appeal, make the argument that Vargo was negligent in failing to provide a safe workplace under R.C. 4101.11 and 4101.12, the Ohio frequenter statutes.

It is a well-settled principle that the failure to bring the issue to the trial court's attention by objection or otherwise constitutes a waiver and such issue may not be raised upon appeal. *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 124, 322 N.E.2d 629, 630–631. See, also, *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus. Thus, appellants' argument based on the frequenter statute has been waived and, therefore, will not be considered.

■ In their second assignment of error, appellants argue that Judge Yost erred in vacating Judge Cardinal's judgment denying the joint motion for summary judgment filed by AMHA and Carson. Appellants contend that Judge Yost abused his discretion in vacating the prior judgment *sua sponte*. The proper remedy, appellants contend, was for AMHA and Carson to file motions to vacate judgment. Appellants' argument is rejected.

The judgment entered by Judge Cardinal was not a final appealable order, since it was a judgment on less than all of the claims, and it did not contain an express determination that "there is no just reason for delay" pursuant to Civ.R. 54(B). Thus, Judge Cardinal's judgment was interlocutory in nature and could be changed, modified, or revised at any time before a final judgment was entered in the case. *Bodo v. Nationwide Ins. Co.* (1991), 75 Ohio App.3d 499, 599 N.E.2d 844.

Having addressed all assignments of error and finding them without merit, we affirm the judgment of the trial court.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.