DECISION.
Raising two assignments of error, plaintiffs-appellants Nicole Wagoner and Deborah Washburn appeal the trial court's entry of summary judgment for defendant-appellee United Dairy Farmers, Inc. (UDF) on a claim for negligent retention and supervision.[1]
On the evening of July 24, 1996, twelve-year-old Nicole Wagoner entered the UDF store located on Montgomery Road in Norwood, Ohio. While there, she and eighteen-year-old Robert Parker, who was working at the store that evening, had sexual intercourse in a bathroom in the back of the store. The only other UDF employee on duty at the time was Darren Simmons, a minor who was Parker's cousin.
Washburn, Wagoner's mother, subsequently learned of the incident and reported it to the police. As a result, Parker was fired by UDF and was indicted for statutory rape and gross sexual imposition. He ultimately pleaded guilty to attempted corruption of a minor and attempted gross sexual imposition.
Thereafter, Wagoner and Washburn initiated the instant action against UDF, alleging that its negligent retention and supervision of Parker had resulted in his sexual assault on Wagoner. They also claimed that, in view of UDF's knowledge of certain prior behavior by Parker, his sexual assault on Wagoner was reasonably foreseeable. Given this, they contended, UDF had a duty to prevent further misbehavior by either firing him or supervising him more closely.
Thereafter, UDF filed a motion for summary judgment. After hearing arguments, the trial court granted the motion and dismissed Wagoner and Washburn's claim.
In their two assignments of error, Wagoner and Washburn now contend that the trial court erred (1) in granting summary judgment to UDF on the negligent-retention-and-supervision claim, and (2) in striking the testimony of their security expert, Ralph Witherspoon. With respect to the first assignment of error, we conclude that UDF was entitled to summary judgment.
Under Civ.R. 56(C), a moving party is entitled to summary judgment if (1) there is no genuine issue of material fact that remains to be litigated, (2) the movant is entitled to judgment as a matter of law, and (3) based on the evidence, viewed most strongly in the non-moving party's favor, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party.
The legal viability of Wagoner and Washburn's claim for negligent retention and supervision[2] was dependent upon a showing that Parker's sexual assault on Wagoner was reasonably forseeable to UDF.[3] Under Ohio law, Parker's sexual assault on Wagoner was forseeable to UDF only if it knew (or should have known) of his propensity to engage in similar criminal, tortious, or dangerous conduct.[4]
Although Wagoner and Washburn did not dispute Parker's exemplary employment record, they claimed that UDF knew that Parker had previously (1) flirted with teenage girls who frequented the store; (2) spoken to girls on the telephone while at work and made boastful comments to co-workers that he was having sex or would like to have sex with particular girls; and (3) engaged in a sexual relationship with the minor daughter of a co-worker during off-duty hours. According to them, such knowledge served to make Parker's sexual misconduct at work reasonably foreseeable and thereby created a duty on UDF's part to prevent such misconduct. We disagree.
The instances of prior behavior cited by Wagoner and Washburn were legally insufficient to establish the forseeability of Parker's misconduct. Parker's alleged flirtations and boastful comments, though sexually-oriented, were not criminal, tortious, or otherwise dangerous. And because Parker was also a minor when he engaged in the sexual relationship with his co-worker's minor daughter, that conduct was not criminal, tortious, or otherwise dangerous.[5]
Because Wagoner and Washburn failed to cite any prior instances of similar misconduct by Parker, they could not, as a matter of law, demonstrate that his subsequent criminal conduct was forseeable to UDF. Accordingly, their claim for negligent retention and supervision failed as a matter of law. The first assignment of error is, therefore, overruled.
We do not address the second assignment of error, given that our resolution of the first assignment renders it moot.[6]
The judgment of the court of common pleas is, accordingly, affirmed.
Painter, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Although Wagoner and Washburn's amended complaint asserted additional claims, the arguments in their brief to this court relate solely to their negligent-retention-and-supervision claim. We, therefore, address only that claim.
[2] See Evans v. Ohio State Univ. (1996), 112 Ohio App.3d 724,680 N.E.2d 161; Doe v. First Presbyterian Church (1998),126 Ohio App.3d 358, 710 N.E.2d 367; Peters v. Ashtabula Metro. HousingAuth. (1993), 89 Ohio App.3d 458, 624 N.E.2d 1088; Dawson v. AirtouchCellular (S.D.Ohio 1999), 42 F. Supp.2d 767 (extending tort of "negligent hiring" recognized by the Ohio Supreme Court in Byrd v. Faber [1991],57 Ohio St.3d 56, 565 N.E.2d 584, to embrace the torts of "negligent retention" and/or "negligent supervision").
[3] See Evans v. Ohio State Univ., supra, 112 Ohio App.3d at 740,680 N.E.2d at 171; Peters v. Ashtabula, supra, 89 Ohio App.3d at 462,624 N.E.2d at 1091.
[4] Byrd, supra, 57 Ohio St.3d at 62, 565 N.E.2d at 590; Doe, supra,126 Ohio App.3d at 364-365, 710 N.E.2d at 371; Peters, supra,89 Ohio App.3d at 462, 624 N.E.2d at 1091; Dawson, supra, 42 F. Supp.2d at 772;Stephens v. A-Able Rents Co. (1995), 101 Ohio App.3d 20, 26,654 N.E.2d 1315, 1319.
[5] We reject the assertion that Parker had engaged in tortious misconduct under R.C. 3701.81(A) by transmitting a venereal disease to the young woman, because there is no evidence in the record to show that Parker knew that he had such a disease.
[6] In this assignment, Wagoner and Washburn contend that the trial court erred in striking the testimony of their security expert, Ralph Witherspoon. Whether the trial court properly struck Witherspoon's testimony is immaterial, however, given that his testimony did not, as a matter of law, serve to establish the foreseeability of Parker's misconduct.