OPINION
{¶ 1} Appellant, Lisa Christine Paugh, appeals from the March 5, 2004 judgment entry of the Trumbull County Court of Common Pleas, granting the motion for summary judgment of appellee, P.J. Snappers.
 {¶ 2} On June 4, 2002, appellant filed a complaint against appellee, David Rishel ("Rishel"), Mitchell Horvat ("Horvat"), and John Doe, alleging sex discrimination, assault and battery, false imprisonment, negligent and intentional infliction of emotional distress, negligent hiring, and a violation of the established public policy of the state of Ohio.[1] Appellee filed an answer on July 23, 2002.[2]
 {¶ 3} On April 30, 2003, appellee filed a motion for summary judgment pursuant to Civ.R. 56. Appellant filed a memorandum in opposition to appellee's motion on September 4, 2003. Appellee filed a reply on October 6, 2003.
 {¶ 4} A hearing was held on January 12, 2004. On February 13, 2004, the trial court granted appellee's motion for summary judgment. On March 3, 2004, appellant filed a motion to amend the trial court's February 13, 2004 judgment entry because it did not contain Civ.R. 54(B) language.
 {¶ 5} On June 5, 2001, appellant, a student at Youngstown State University, went to appellee P.J. Snappers's restaurant and bar located in Niles, Ohio, to apply for a job. According to appellant's deposition, she personally knew Rishel, a manager at appellee, with whom she had previously worked at another restaurant. On the night at issue, appellant and Rishel consumed alcohol and discussed her possible employment as a bartender at appellee. Appellant indicated that Rishel offered her a job and told her that she could start work the following Wednesday.
 {¶ 6} Appellant testified that Rishel asked her to accompany him to the office to fill out an application for employment. Appellant said that Rishel made advances and rubbed her shoulders. Because she felt uncomfortable, appellant stated that she left the office, went back to the bar, and continued to drink. Appellant indicated that she later went to the restroom, returned back to the bar, and continued drinking her drink. Appellant began to feel disoriented, laid her head on the bar, and passed out. Appellant believed that Rishel put a drug in her drink while she was in the restroom.
 {¶ 7} Appellant's only memory after passing out was waking up the following morning in Rishel's bedroom. Appellant later went to Trumbull Memorial Hospital in Warren, Ohio, where physical evidence from a rape kit revealed that more than one man's semen was found in her. Appellant believes that she was raped by Rishel and Horvat, also an employee at appellee. However, both Rishel and Horvat contended that appellant consented to sex and no charges were filed. Appellant indicated that she suffered both physically and mentally from the alleged rape and was unable to work for a number of months after the incident.
 {¶ 8} According to the affidavit of Peter Cervone ("Cervone"), the owner of appellee on June 5, 2001, Rishel was employed as the front end manager. Cervone stated that Rishel's alleged actions involving appellant were unknown to him. Also, Cervone said that appellee had no knowledge that Rishel committed or was inclined to commit any criminal, tortious, or harassing act. Cervone stressed that he did not consent to Rishel's alleged unlawful acts. Cervone indicated that there is no record that appellant was ever employed or that she applied for employment at appellee.
 {¶ 9} The trial court made no determination that appellant was an employee of appellee as that issue is in dispute. However, the trial court assumed that appellant was an employee of appellee.
 {¶ 10} Pursuant to its March 5, 2004 amended judgment entry, the trial court granted appellee's motion for summary judgment, and included the language that "[t]his is a final and appealable order and there is no just cause for delay." It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 11} "The trial court erred in granting summary judgment in favor of [appellee]."
 {¶ 12} In her sole assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of appellee. Appellant posits four issues for review. In her first issue, appellant alleges that the trial court did not apply the proper standard of review.[3] In her second issue, appellant contends that sexual harassment and assault by a manager against an applicant for employment that begins within the employer's restaurant and concludes at the manager's home gives rise to employer liability. In her third issue, appellant stresses that when construing the evidence most strongly in her favor, reasonable minds could find appellee liable for a sexually hostile work environment and/or quid pro quo sexual harassment. In her fourth issue, appellant indicates that appellee is vicariously liable for the actions of Rishel under traditional agency principles.
 {¶ 13} In order for a summary judgment to be granted, the moving party must prove:
 {¶ 14} "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385.
 {¶ 15} The Supreme Court stated in Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296, that:
 {¶ 16} "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifyingthose portions of the record which demonstrate the absence of a genuineissue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 17} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 18} With respect to appellant's first issue, the trial court stated in its amended judgment entry pursuant to Civ.R. 56 that it "reviewed the motion, affidavit, memoranda, pleadings, depositions, exhibits, and the applicable law." The trial court then listed the facts of the case, as alleged by appellant. The trial court indicated that "the alleged rapes occurred off the premises of [appellee] and after hours. The [c]ourt further notes that * * * (actually [Rishel] was fired). The [c]ourt notes that [appellant] never agreed to any acts in return for her employment. The sexual actions of an employee at work or afterward are obviously not in the scope of the employee's duties for the employer." The trial court concluded that "there are no genuine issues as to any material facts and after construing the evidence most strongly in favor of [appellant] reasonable minds could come to but one conclusion and that conclusion is adverse to [appellant]." Therefore, the trial court ordered that appellee be granted summary judgment.
 {¶ 19} Based on the record, after construing all of the evidence in appellant's favor, reasonable minds could not find that the actions of Rishel were within the scope of his employment. Thus, based on Dresher
and Mootispaw, supra, the trial court applied the proper standard of review. Appellant's first issue is without merit.
 {¶ 20} Because appellant's second and fourth issues are interrelated, we will address them in a consolidated fashion. In her second issue, appellant alleges that appellee is liable due to the sexual harassment and assault by Rishel against her. In her fourth issue, appellant contends that appellee is vicariously liable for the actions of Rishel under traditional agency principles.
 {¶ 21} R.C. 4112.02(A) provides that: "[i]t shall be an unlawful discriminatory practice * * * [f]or any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."
 {¶ 22} Regarding the doctrine of respondeat superior, or vicarious liability, this court stated in Kaliszewski v. Stevens Towing (Nov. 9, 1990), 11th Dist. No. 89-L-14-144, 1990 Ohio App. LEXIS 4876, at 8-9, that:
 {¶ 23} "`[i]t is clear that a principal shall be liable for the tortious acts of his agent only when such acts were done in the execution of his principal's business and within the scope of the agent's employment[.] (* * *) Where an act has no relation to the conduct of the master's business, it may not be argued that the servant was acting upon the scope of his authority. (* * *) There is no presumption that the wrongful act of the agent was the act of the principal; authority to do the act must be demonstrated, or ratification of the act by the principal shown. Where the tort consists of a willful and malicious act * * * it is not generally considered within the scope of the agent's employment.'Finley v. Schuett (1982), 8 Ohio App.3d 38, 39. (Citations omitted).
 {¶ 24} "`(* * *) An intentional and wilful (sic) attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person, is a clear departure from his employment and his principal or employer is not responsible therefore (sic).'" Schulman v.Cleveland (1972), 30 Ohio St.2d 196.
 {¶ 25} "When dealing with an assault committed by an employee, the crucial element of the equation was whether the assault was "`calculated to facilitate or promote the business for which the servant is employed.'" Taylor v. Doctors Hospital (1985), 21 Ohio App.3d 154, 156
(quoting Little Miami Railroad Co. v. Wetmore (1869), 19 Ohio St. 110,132)."
 {¶ 26} In the case at bar, appellee is not liable for Rishel's alleged criminal conduct. Based on the material submitted in connection with the motion, Rishel's conduct was outside of the scope of his employment. There is no evidence that Rishel's actions were intended to facilitate or promote the business purposes of appellee. In addition, there is nothing in the record that supports the conclusion that Rishel took advantage of appellant by virtue of his supervisory position. If Rishel did, in fact, put a drug in appellant's drink, it clearly was not an opportunity of Rishel's because of the fact that he was the manager. Rather, any employee or patron of appellee would have had the opportunity to put a drug in appellant's drink when she left it unattended at the bar and went to the restroom.
 {¶ 27} We must also note that the alleged rape occurred after hours and off of appellee's premises. There is no indication that appellee had any knowledge of a criminal propensity of Rishel, and, thus, the alleged criminal act was not reasonably foreseeable. See, e.g., Peters v.Ashtabula Metro. Hous. Auth. (1993), 89 Ohio App.3d 458. Further, Rishel was fired after the allegations of impropriety were known. We therefore find no impropriety with the granting of summary judgment as it pertains to the doctrine of respondeat superior, or vicarious liability. Appellant's second and fourth issues are without merit.
 {¶ 28} With respect to her third issue, appellant argues that construing the evidence most strongly in her favor, reasonable minds could find appellee liable for a sexually hostile work environment and/or quid pro quo sexual harassment.
 {¶ 29} This court stated in Doe v. Marker, 11th Dist. No. 2003-T-0002, 2003-Ohio-6230, at ¶ 15-16, that:
 {¶ 30} "[g]enerally speaking, under R.C. 4112.02(A), there are two types of actionable sexual harassment: `(1) "quid pro quo" harassment,i.e., harassment that is directly linked to the grant or denial of a tangible economic benefit, or (2) "hostile environment" harassment,i.e., harassment that, while not affecting economic benefits, has the purpose or effect of creating a hostile or abusive working environment.'Hampel v. Food Ingredients Specialties, Inc. [2000], 89 Ohio St.3d 169 * * *, paragraph one of the syllabus * * *.
 {¶ 31} "In order to maintain an action for quid pro quo sexual harassment, the plaintiff must demonstrate `(1) that the employee was a member of a protected class, (2) that the employee was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors, (3) that the harassment complained of was based on gender, and (4) that the employee's submission to the unwelcome advances was an express or implied condition for receiving job benefits or that the employee's refusal to submit to the supervisor's sexual demands resulted in a tangible job detriment.' Schmitz v. Bob Evans Farms, Inc.
(1997), 120 Ohio App.3d 264, 269 * * *." (Emphasis sic.)
 {¶ 32} To establish a claim of hostile environment sex discrimination, we stated in Schwab v. Delphi Packard Elec. Systems, 11th Dist. No. 2002-T-0081, 2003-Ohio-4868, at ¶ 18, quoting Hampel, supra, at 176-177, that:
 {¶ 33} "a plaintiff must show: `(1) that the harassment was unwelcome, (2) that the harassment was based on sex, (3) that the harassing conduct was sufficiently severe or pervasive to affect the "terms, conditions, or privileges of employment, or any matter directly o[r] indirectly related to employment," and (4) that either (a) the harassment was committed by a supervisor, or (b) the employer, through its agents or supervisory personnel, knew or should have known of the harassment and failed to take immediate and appropriate corrective action.'"
 {¶ 34} In the instant matter, a dispute exists as to whether appellant was an employee of appellee. As such, no evidence was submitted that appellant was in fact discharged. However, the trial court assumed that appellant was an employee for the purposes of appellee's motion for summary judgment. Even assuming arguendo that appellant is entitled to protection as an employee, she is unable to show that her continued employment with appellee was conditioned upon her acceptance or submission of a sexual act in exchange for a job benefit. See Schmitz,
supra, at 271. There is no evidence in the record that Rishel indicated, either expressly or impliedly, to appellant that she would be terminated unless she had sex with him. Therefore, based on Marker and Schmitz,
supra, appellant failed to establish a claim for quid pro quo sexual harassment.
 {¶ 35} In addition, assuming that appellant was an employee of appellee, she failed to establish that Rishel's conduct of making advances and rubbing her shoulders at the restaurant qualifies as sufficiently severe or pervasive to affect the terms, conditions, or privileges of her employment. We must note again that Rishel acted outside the scope of his employment when he allegedly drugged and later raped appellant at his house. Because appellee had no knowledge that Rishel was likely to be a rapist or that he would otherwise harass appellant, appellee had no obligation to protect appellant from Rishel's alleged acts. Therefore, based on the totality of the circumstances, appellant failed to establish, pursuant to Schwab and Hampel, supra, a claim of hostile environment sex discrimination. Appellant's third issue is without merit.
 {¶ 36} Based on Mootispaw, supra, it was proper for the trial court to conclude that summary judgment was appropriate.
 {¶ 37} For the foregoing reasons, appellant's sole assignment of error is not welltaken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
Grendell, J., Nader, J., Ret. Eleventh Appellate District, sitting by assignment.
Concur.
[1] On May 30, 2003, appellant filed an amended complaint to correct the spelling of Rishel's last name, which was misspelled as "Richell."
[2] Horvat filed an answer on April 15, 2003. Rishel did not file an answer to appellant's complaint.
[3] We take the position that the substance of what appellant is advancing is that the trial court did not apply the proper criteria set forth in Civ.R. 56.