**PACURAR, Appellee,**

v.

**PACURAR, Appellant.**

[Cite as *Pacurar v. Pacurar* (1999), 132 Ohio App.3d 787.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 97 CA 194.

Decided March 23, 1999.

*Susan Gaetano Maruca,* for appellee.

*Stuart Banks,* for appellant.

Vukovich, Judge.

This appeal arises out of the judgment of the Mahoning County Common Pleas Court, Domestic Relations Division, which granted a motion for increased child support. For the reasons set forth below, the judgment of the trial court is affirmed.

## I.  STATEMENT OF FACTS

Joanne Pacurar, appellant, and Ronald Pacurar, appellee, were granted a divorce in 1988. On July 16, 1996, appellant filed a motion to increase child support, alleging that appellee's income had increased by more than ten percent since the last calculation. In August, the magistrate granted appellee a continuance, and the hearing was rescheduled for April 1997.

When the hearing date arrived, the paralegal of appellee's attorney asked the magistrate for a continuance due to a miscommunication in the attorney's office. The magistrate continued the hearing, noting that appellant agreed not to object to the continuance provided that any modification would be retroactive to the date that she filed her motion. There is no indication that the magistrate would have denied the continuance had appellant objected.

Meanwhile, appellee filed a motion for termination of child support due to the anticipated emancipation of the parties' son. On June 16, 1997, the trial court conducted a hearing on appellant's motion to increase child support and appellee's motion to terminate child support. In September, the court released its judgment entry increasing child support, retroactive only to January 1, 1997, and terminated child support as of June 30, 1997.

Appellant filed timely notice of appeal, challenging the effective date of the increased child support.

## II. ASSIGNMENT OF ERROR

Appellant's sole assignment of error alleges:

"The trial court erred and abused its discretion when it failed to make the modified child support order retroactive to the date that defendant-appellant, Joanne Pacurar, filed her motion to increase child support."

The standard used to review child support orders is abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028. When a trial court abuses its discretion, it makes an unreasonable, arbitrary, or unconscionable judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

Appellant claims that the trial court acted unreasonably when it made the increase in child support retroactive to January 1, 1997, rather than July 16, 1996, the date on which appellant filed her motion. Appellant cites *Osborne v. Osborne* (1992), 81 Ohio App.3d 666, 611 N.E.2d 1003, which held that it is not an abuse of discretion for a trial court to order an increase in child support to be retroactive to the filing date. Appellant reasoned that "[a]ny other holding could produce an inequitable result in view of the substantial time it frequently takes to dispose of motions to modify child support obligations." *Murphy v. Murphy* (1984), 13 Ohio App.3d 388, 389, 13 OBR 471, 472, 469 N.E.2d 564, 566.

Appellant also cites *State ex rel. Draiss v. Draiss* (1990), 70 Ohio App.3d 418, 591 N.E.2d 354, which held that any modification should be retroactive to the date of filing unless there exist special circumstances to justify a different date. In the case *sub judice*, the court did not state any special circumstances justifying its choice of January 1, 1997. Nonetheless, appellee contends that the special

circumstance was the fact that January 1, 1997 was the date that the parties' child moved back in with appellant and that before that date only appellee supported the child.

Appellant failed to fulfill her App.R. 9(B) duty to supply us with a transcript of the support hearing. As a result, we do not know if the trial court heard evidence that could have revealed the significance of January 1, 1997. Appellant cannot claim that the date is arbitrary while failing to submit the only source of information that could shed light on the court's choice of the date.

Furthermore, *Draiss* is not a case from our district and is not a widely followed holding. Instead, we rely on our holding in *Surman v. Surman* (June 22, 1989), Mahoning App. No. 88–CA–85, unreported, at 3, 1989 WL 71101, and hold that the trial court did not act unreasonably when it ordered the child support modification retroactive to January 1, 1997. In *Surman,* we determined that the trial court did not abuse its discretion when it made its child support modification effective two and one-half months after the movant filed for an increase and two weeks after the hearing on the motion. A court may, but need not, make a support increase retroactive as of the date of filing of the motion. See, *e.g. Jones v. Jones* (Sept. 4, 1992), Columbiana App. No. 91–C–48, unreported, 1992 WL 223729; *Brown v. Tibolla* (Mar. 29, 1990), Mahoning App. No. 88–CA–201, unreported, 1990 WL 36706.

Therefore, the general precept of making modifications retroactive to the date of filing is not mandatory, but is merely a starting point from which a court may use its sound discretion in varying. Since we do not have a transcript to review the proceedings, we are unable to determine whether the decision of the trial court to begin the new child support obligation of appellee on a date after the filing of appellant's motion for an increase in child support was a proper exercise of judicial discretion. Accordingly, appellant's sole assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

Cox, P.J., and GENE DONOFRIO, J., concur.