OPINION.
{¶ 1} This is an appeal of a divorce decree issued by the Belmont County Court of Common Pleas. Appellant, William G. Davenport, believes that the trial court wrongly awarded his ex-wife a $5,000 interest in a residence that was his separate property. He also alleges that the trial court used an incorrect and arbitrary starting date for his child support payments. Finally, Appellant questions why the final divorce decree ordered him to pay 50 percent of his child's uninsured medical expenses when the prior entry of the trial court did not impose a similar duty. Appellant has misinterpreted the actions of the trial court, and all three assignments of error are hereby overruled.
 {¶ 2} Appellee Christina Davenport has not filed a brief in this appeal. According to App.R. 18(C), this Court may accept Appellant's statement of facts and analysis of the issues as correct and reverse the trial court's judgment if Appellant's brief reasonably appears to support that result.
 {¶ 3} The parties were married on June 1, 1996. They have one child, born on March 11, 1993.
 {¶ 4} Appellee filed for divorce on July 18, 2000, in the Belmont County Court of Common Pleas.
 {¶ 5} On August 3, 2000, the court issued a number of temporary orders during the divorce proceedings. One of those was an order for Appellant to pay $350 in child support with a 2 percent poundage, for a total of $357 per month.
 {¶ 6} The final divorce hearing began on November 13, 2000, and was completed on November 20, 2000.
 {¶ 7} The court issued its Opinion on June 11, 2001. The court found that Appellant entered the marriage with separate property, consisting of a marital home. The court found that the home had a tax value of $31,280 and a mortgage of $21,000. The court found that there was some marital equity in the home, and that Appellee's portion of the marital equity was $5,000. The court also ordered Appellant to assume $6,100 in marital debt. Finally, the court ordered Appellant to make a $3,000 distribution to Appellee, representing the difference between her $5,000 equitable interest in the marital residence as reduced by a "fair share" of the $6,100 debt that Appellant was going to assume as part of the divorce. (6/11/01 Opinion, p. 4.)
 {¶ 8} The June 11, 2001, Opinion did not set a specified child support amount, but required the parties to submit child support worksheets within fourteen days. The court did not address which party was to provide medical coverage for their son and to pay half of the dental and orthodontic expenses. (6/11/01 Opinion, p. 3.)
 {¶ 9} The June 11, 2001, Opinion directed the parties to file proposed versions of the final divorce decree before June 15, 2001.
 {¶ 10} For reasons that are not clear from the record, the trial court did not file its final Decree of Divorce until August 14, 2002. The trial court incorporated the provisions of its earlier entry into the decree. The trial court added a provision ordering Appellant to provide for half of, "any uninsured medical, hospitalization, dental, optical, orthodontic, prescription, psychiatric, psychological and/or other similar type expenses incurred on behalf of the minor child." (8/14/02 Decree, p. 9.)
 {¶ 11} On September 13, 2002, Appellant filed an appeal of the Decree of Divorce.
 {¶ 12} Appellant's first assignment of error asserts:
 {¶ 13} "The court's award of $3,000 to the appellee as a property distribution was unreasonable, arbitrary, and/or unconscionable and thus an abuse of discretion."
 {¶ 14} This error begins with the premise that the trial court declared Appellant's marital home to be his separate property. In a divorce case, a court is usually required to award a spouse their own separate property. R.C. 3105.171(D). Appellant argues that the trial court granted Appellee a $5,000 interest in the marital home without any basis to do so from the evidence presented at trial.
 {¶ 15} Appellant correctly cites the standard of review of decisions involving the division of marital property. A trial court's decision regarding property division in a divorce case will not be reversed absent an abuse of discretion. Cherry v. Cherry (1981),66 Ohio St.2d 348, 355, 20 O.O.3d 318, 421 N.E.2d 1293. An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 16} Appellant argues that the division of marital property in a divorce case should be equal unless the trial court determines that an equal division would be inequitable, which is true. See R.C. §3105.171(C)(1). Of course, a potentially equal division of marital assets is only a starting point for the trial court, and the final division may be unequal if the trial court can explain in sufficient detail why the unequal division is equitable. Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus.
 {¶ 17} Appellant contends that the only evidence Appellee presented of marital contributions to the value of the property was the mention of $4,750 worth of improvements. (Tr., p. 26.) This assertion is inaccurate. Appellee presented evidence that there was $10,000 worth of marital improvements made to the residence. (Tr., p. 26.) Appellee argued that $5,000, or half the marital equity, was her portion of the marital equity. (Tr., p. 26.) The trial court apparently believed Appellee's testimony, because it awarded Appellee $5,000 in equity in the marital home. Since the court awarded Appellee only half of the marital interest in the home, it is hard to see how Appellant can disagree with this division of the property. It appears from the record that the court made an equal division of the only significant marital asset. Therefore, Appellant's assigned error is without merit.
 {¶ 18} Appellant's second assignment of error contends:
 {¶ 19} "The court decision on the date to begin the child support obligation is unreasonable, arbitrary and/or unconscionable and constitutes an abuse of discretion."
 {¶ 20} The record reflects that Appellant was ordered to pay temporary child support of $357 per month starting on August 3, 2000.
 {¶ 21} The trial court lowered Appellant's child support obligation from $357 per month to $306.68 per month when it issued its Decree of Divorce. The new amount was backdated effective September 2001. Appellant contends that there is no basis for using September 2001 as the date of the reduced child support amount. Appellant believes that the trial court should have used an earlier date as the retroactive starting date of the lower support payment, such as the date of the final divorce hearing (November 13, 2000) or the date the divorce complaint was filed (July 18, 2000.)
 {¶ 22} Appellant correctly states that child support orders are reviewed for an abuse of the trial court's discretion. Pauly v. Pauly
(1997), 80 Ohio St.3d 386, 390, 686 N.E.2d 1108, citing Booth v. Booth
(1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. An abuse of discretion constitutes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably.Blakemore, supra, 5 Ohio St.3d at 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 23} Appellant has presented no rationale for requiring the trial court to use an earlier date for imposing the reduced child support amount. On the other hand, it is unclear why the court chose September of 2001 to start the reduced child support order. Normally, one would expect a modified child support order to be effective on the date that the court entered its judgment, which in this case was the date of the Decree of Divorce, August 14, 2002. See, e.g., Trump v. Trump (1999),136 Ohio App.3d 123, 127, 736 N.E.2d 39. Of course, a court may impose its child support orders retroactively, but there is certainly no requirement that a court do so. See this Court's decision in Pacurar v.Pacurar (1999), 132 Ohio App.3d 787, 790, 726 N.E.2d 552, citing, inter alia, Jones v. Jones (Sept. 4, 1992), Columbiana App. No. 91-C-48.
 {¶ 24} Assuming arguendo that the September of 2001 date was in error, it is Appellant who benefits from the error. The court could have just as easily used the date of the Decree of Divorce as the effective date of the lower child support payment. The court's error, if any, saved Appellant approximately $50 per month for an entire year, between September, 2001, and August, 2002.
 {¶ 25} Civ.R. 61, the "harmless error" rule, states:
 {¶ 26} "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
 {¶ 27} Appellant has not shown how the trial court's alleged error adversely affected his substantial rights. Therefore, assuming the trial court erred, such error was harmless.
 {¶ 28} Furthermore, there is nothing in the record even resembling a request from Appellant for reduced child support. Appellant never made the trial court aware of his desire for reduced child support or his desire to retroactively apply a reduced child support order. "It is axiomatic that when a party fails to bring to the trial court's attention an error at a time when the error could be corrected, such error is waived on appeal." Anderson v. Anderson (2002), 147 Ohio App.3d 513,528, 771 N.E.2d 303. For these reasons, we overrule the second assignment of error.
 {¶ 29} Appellant's third assignment of error argues:
 {¶ 30} "The court's decision to order the appellant to be responsible for uncovered medical expenses is unreasonable, arbitrary, and/or unconscionable and constitutes an abuse of discretion."
 {¶ 31} Appellant believes that the September 13, 2002, Divorce Decree should not have burdened him with half of all uninsured medical expenses for his child when the court's previous entry of June 11, 2001, did not make him responsible for those extra expenses. The major flaw in Appellant's argument is that the court was required to provide for the child's extraordinary medical expenses in its child support order.
 {¶ 32} Any child support order must account for the health care needs of the child. R.C. 3109.05(A)(2). When the court calculates and orders child support, it is also required by R.C. 3119.05(F) to include a provision to account for extraordinary medical expenses:
 {¶ 33} "The court shall issue a separate order for extraordinarymedical or dental expenses, including, but not limited to, orthodontia, psychological, appropriate private education, and other expenses, and may consider the expenses in adjusting a child support order." (Emphasis added.)
 {¶ 34} "Extraordinary medical expenses" are defined in the statute as "any uninsured medical expenses incurred for a child during a calendar year that exceed one hundred dollars." R.C. 3119.01(C)(4). The uninsured medical expenses that Appellant refers to are labeled as extraordinary expenses in the relevant statutes.
 {¶ 35} Although the June 11, 2001, entry failed to mention these provisions, the final Decree of Divorce included clauses that complied with the above statutes. It was not an abuse of discretion for the trial court to add these provisions, because the trial court was following the statutory mandates. R.C. 3119.05(F) states that the trial court "shall" issue an order for extraordinary medical expenses. It would very likely have amounted to an abuse of discretion if the trial court had failed to account for extraordinary medical expenses in the final divorce decree.
 {¶ 36} Furthermore, it was obvious by the very nature of the June 11, 2001, entry that it was meant as an interlocutory order. There were aspects of the divorce, such as child support, that were not resolved in the entry. In the entry itself the court ordered the parties to submit child support worksheets within fourteen days. (6/11/01 Opinion, pp. 2-3.) Obviously, if the child support worksheets were not yet submitted when the entry was filed, this entry could not have contained a final child support decision. The court also directed the parties to prepare proposed divorce decrees from which the court could create a final order. These unresolved issues in the June 11, 2001, entry reveal that it was only meant to be an interlocutory order.
 {¶ 37} Interlocutory orders in a divorce case are always subject to change by the court prior to the issuance of the final judgment.Glover v. Glover (1990), 66 Ohio App.3d 724, 729, 586 N.E.2d 159. "In a domestic relations action, interlocutory orders are merged within the final decree, and the right to enforce such interlocutory orders does not extend beyond the decree, unless they have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree." Colom v. Colom (1979), 58 Ohio St.2d 245, 12 O.O.3d 242, 389 N.E.2d 856, paragraph one of the syllabus. Because the June 11, 2001, entry was interlocutory, the trial court was free to modify the orders contained within it when it rendered a final judgment in this case. Peters v. Ashtabula Metro. Hous. Auth. (1993),89 Ohio App.3d 458, 463, 624 N.E.2d 1088. Thus, we overrule Appellant's third assignment of error.
 {¶ 38} In conclusion, we find that the trial court had an evidentiary basis for awarding Appellee $5,000 in equity in the marital residence, even though the residence was partly Appellant's separate property. The trial court's alleged error in setting the date for Appellant's reduced child support order actually benefited Appellant and would be harmless. Finally, the court did not err in requiring Appellant to pay for half of any uninsured medical expenses because the court was required by statute to include this provision in the child support order. For these reasons, we overrule Appellant's three assignments of error and the decision of the common pleas court is affirmed.
Judgment affirmed.
Donofrio and DeGenaro, JJ., concur.