[Cite as *In re J.B.G.*, 2017-Ohio-8017.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. 16 JE 0020 |
| | ) | |
| J.B.G. | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
Pleas, Juvenile Division, of Jefferson
County, Ohio
Case No. 2005 DN 7

JUDGMENT:     Affirmed.

APPEARANCES:

For Appellee:     Melissa N. Rawson, *Pro se*
101 Trails End Road
Toronto, Ohio  43964
No Brief Filed

For Appellant:     Stacey A. Moore, *Pro se*
#A695-822
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio  43950-0540

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  September 29, 2017

WAITE, J.

**{¶1}** Appellant Stacey Moore appeals from the decision of the Jefferson County Common Pleas Court, Juvenile Division, refusing to modify his child support back to the date on which he was incarcerated instead of the date on which he filed his request. Based on the foregoing reasons, Appellant's assignments of error are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** Appellant is the biological father of the child (J.B.G. dob: 5/23/1997). Appellant moved to Missouri before the child was born. The child is under the care of Appellee (who is the child's biological aunt) and her husband, and has resided with them since 2002. Appellant returned to the area in 2010 and requested visitation with the minor child. Appellee sought child support. Appellant was ordered to pay child support in the amount of $230.45 per month in a judgment entry dated December 29, 2010.

**{¶3}** In November of 2013, Appellant pleaded guilty to rape and gross sexual imposition involving a minor and was sentenced to ten years in prison. Appellant contends that in February of 2014 he contacted the Jefferson County Child Support Enforcement Agency ("JCCSEA") seeking an administrative review of his child support, although the record before this Court reveals no letters, filings or other indication that such a request was made by Appellant, until an administrative adjustment recommendation filed by JCCSEA on October 28, 2015. An administrative review of Appellant's child support obligation was conducted in October of 2015 due to Appellant's filing of a motion for review on August 1, 2015.

The review was conducted to determine whether Appellant's child support obligation should be reduced or suspended while he was incarcerated. A magistrate's decision was issued on October 29, 2015, modifying the support award to $50 per month, effective August 1, 2015. Appellant wrote a letter to the court on November 16, 2015, objecting to the magistrate's decision and contending that he earned only $21 per month in prison. Appellant sent a second letter on December 1, 2015, now claiming he earned only $20 per month. In a judgment entry dated December 3, 2015, the trial court sustained Appellant's objection to the magistrate's decision and set Appellant's child support obligation at $0 per month, effective August 1, 2015.

{¶4} On May 31, 2016, the JCCSEA filed a notice of JCCSEA investigation findings and conclusions. It notified the trial court and Appellant that the child support obligation should be terminated pursuant to R.C. 3119.89 because the child would be nineteen years of age and have graduated from high school in May of 2016. The report also noted that Appellant had an outstanding child support arrearage of $4,663.34.

{¶5} On July 5, 2016, the JCCSEA filed a notice with the trial court that neither party had requested an administrative hearing on the termination of the child support obligation. JCCSEA requested the May 31st notice be included in a revised order of support. In a magistrate's decision dated July 6, 2016, the child support obligation was terminated effective May 23, 2016. The decision also stated that Appellant had a support arrearage of $4,663.34.

**{¶6}** Appellant filed objections to the magistrate's decision on July 18, 2016, contending that the arrearage should be reduced to reflect his incarceration and lack of income as of February of 2014, when he first made his request for support to be suspended or terminated. On August 1, 2016, the trial court overruled Appellant's objections and adopted the magistrate's decision. Appellant filed this *pro se* appeal on August 29, 2016.

ASSIGNMENT OF ERROR NO. 1

COURT COMMITTED ERROR WHEN IT DID NOT COMPLETE A CHILD SUPPORT WORKSHEET AS REQUIRED PURSUANT TO OHIO REVISED CODE SECTION 3119.79.

**{¶7}** In his first assignment of error Appellant contends the trial court erred in not completing a child support calculation worksheet. Essentially, he argues that the trial court failed to recognize that Appellant's reduction in income due to his incarceration constituted a change in circumstances that should date back to the beginning of his incarceration instead of the date on which he filed his request for modification.

**{¶8}** Absent an abuse of discretion, a trial court's determination regarding a child support obligation will not be disturbed on appeal. *Pauly v. Pauly,* 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997). Abuse of discretion connotes more than an error of law; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9}   Moreover, a trial court's ruling on the existence or nonexistence of "a substantial change in circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order[,]" for purposes of R.C. 3119.79(C), is reviewed under an abuse of discretion standard.  *Humiston v. Humiston,* 9th Dist. No. 04CA0076-M, 2005-Ohio-4363, ¶ 13-23.

{¶10} R.C. 3119.02 requires a court to calculate child support using the statutory worksheet.  R.C. 3119.03 creates a rebuttable presumption that a child support calculation, made pursuant to the basic child support schedule and applicable worksheet, is the correct amount of child support to be paid.

{¶11} The child support modification statute provides, in pertinent part:

(A)  If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation.  If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of

circumstance substantial enough to require a modification of the child support amount.

(B) In determining the recalculated support amount that would be required to be paid under the child support order for purposes of determining whether that recalculated amount is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the court shall consider, in addition to all other factors required by law to be considered, the cost of health insurance the obligor, the obligee, or both the obligor and the obligee have been ordered to obtain for the children specified in the order. * * *

(C) If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation.

R.C. 3119.79.

{¶12} Here, the trial court modified Appellant's child support obligation after receiving notice of his incarceration on August 1, 2015. A child support worksheet

had been filed on October 28, 2015 wherein the JCCSEA recommended Appellant's support obligation be reduced to zero during the period of his incarceration. In a decision dated October 29, 2015, the magistrate concluded the support order should be $50 per month. After Appellant filed objections to that decision, the trial court issued an entry setting the support order at $0 per month during the period of Appellant's incarceration, effective August 1, 2015. This order was never appealed.

{¶13} On February 24, 2016, the trial court issued an entry informing the parties that the minor child would be emancipated as of May of 2016, and that the parties should inform the court in writing of any changes in employment or income within seven days. No response was filed within that time period. JCCSEA then recommended its report on the termination of support due to the child's emancipation be included in the termination order of support. The magistrate issued a decision on July 6, 2016, informing the parties that the child would be emancipated as of May 23, 2016, and that Appellant had an arrearage of $4,663.34. Despite the fact that he failed to timely appeal the recalculation order, on July 18, 2016 Appellant filed *pro se* objections to the magistrate's decision, arguing that the support obligation of $0 per month should have been ordered retroactive to the beginning of his incarceration in November of 2013, rather than set on the date of his petition seeking the recalculation: August 1, 2015. The trial court overruled Appellant's objection, citing this Court's holding in *Rhodes v. Rhodes,* 7th Dist. No. 00 BA 34, 2001 WL 1199877 (Sep.25, 2001): "An obligor is not entitled to be relieved of his duty to support his children due to his commission of a crime and subsequent incarceration. Such

entitlement would allow the obligor to obtain release from prison and owe no arrearage obligation to the child or the residential parent who had to shoulder the support burden on their own." *Id.* at *3.

**{¶14}** Appellant argues in his appellate brief that a change of circumstances occurred entitling him to a modification of his support order. Appellant does not take issue with the trial court's calculation of $0 per month, only with the order's effective date.

**{¶15}** A trial court may modify an obligor's child support obligation after notice of a petition seeking to modify the support order has been given to the obligee and obligor. R.C. 3119.84. The trial court need not make its modification of child support retroactive to the date the petition was filed, but that date may serve as a starting point for determining when the new obligation should become effective. *Pacurar v. Pacurar,* 132 Ohio App.3d 787, 726 N.E.2d 552 (7th Dist.1999).

**{¶16}** Appellant argues that the effective date of his modification to $0 should have been the date on which his incarceration began in November of 2013, but provides no authority in support of this contention other than to reiterate that he has been earning only $20 a month since his prison term began, and that "[t]his same set of circumstances existed from the very day of appellant's incarceration." (Appellant's Brf., pp. 5-6.) This may, in fact, be true. It does not provide any basis for making the effective date of his child support order retroactive to the time of Appellant's choosing, particularly when Appellant's own conduct has caused the circumstances on which a reduction is requested. Appellant is incarcerated for crimes he

committed. He argues that he did not "contemplate being incarcerated" at the time child support was originally ordered. *Id.* at p. 5. However, it is through Appellant's own conduct that he finds himself incarcerated. The trial court had discretion to set the effective date of the modification. Appellant never appealed the trial court's order setting the date of August 1, 2015. Only now, when receiving an emancipation order, does Appellant object to the August of 2015 effective date. Without a timely petition to modify, the trial court had the discretion to overrule Appellant's objection.

**{¶17}** Appellant alternatively argues that the effective date of the modification should be February of 2014, when he alleges he originally contacted JCCSEA seeking an administrative hearing of his child support obligation. The record is devoid of any filing by Appellant seeking such a recalculation. A motion to modify child support order was filed, not by Appellant, but by JCCSEA on October 28, 2015. The magistrate's decision imposing a child support obligation of $50 monthly, effective August of 2015 was issued on October 29, 2015. Appellant wrote a letter to the court dated November 16, 2015 which was construed as an objection to the magistrate's decision. In this letter, he contended that he had attempted to contact JCCSEA in the past. However, he never addresses his objections to the August of 2015 effective date. Appellant sent a second letter to the trial court on December 1, 2015, in which he inquired about the minor child's name change and reiterates that his prison income is $20 monthly. Again, Appellant never raised the issue of the August, 2015 effective date of the child support order. The trial court issued a judgment entry on December 3, 2015 in which it reduced Appellant's child support

obligation to $0 per month with the same August 1, 2015 effective date. It was only after the magistrate terminated the support order due to emancipation of the minor child and stated that Appellant had an arrearage of $4,663.34 on July 6, 2016 did Appellant raise an objection regarding the August 1, 2015 effective date of his support order.

{¶18} It appears the court gave Appellant the benefit of the doubt in initially setting the effective date of August 1, 2015 for his support order, two months prior to the filing of his motion by JCCSEA. Appellant's contention that his incarceration could not have been contemplated and he should have been completely free from any support ignores the fact that Appellant is incarcerated due to his own conduct. The trial court had the discretion to set the effective date of the child support modification. By ordering the modification retroactive to August 1, 2015, the trial court did not abuse its discretion. Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

COURT COMMITTED ERROR WHEN IT DID NOT CONSIDER ALL FACTORS TO DETERMINE IMPUTED INCOME AS REQUIRED PURSUANT TO OHIO REVISED CODE SECTION 3119.01.

{¶19} Although it is difficult to ascertain exactly what Appellant attempts to argue, here, he appears to contend that the trial court erred in calculating his imputed income as defined in R.C. 3119.01(C)(11)(a). Appellant reiterates that he has made only $20 per month since his incarceration began. Although not directly stated,

Appellant appears to again take issue with the effective date of the child support obligation, as the amount is currently set at $0 per month effective August 1, 2015. Again, he seems to urge that this date be modified to November of 2013 when Appellant began serving his ten-year prison sentence.

{¶20} R.C. 3119.05 governs the computation of income when a parent is incarcerated and reads, in pertinent part:

(I) Unless it would be unjust or inappropriate and therefore not in the best interests of the child, a court or agency shall not determine a parent to be voluntarily unemployed or underemployed and shall not impute income to that parent if either of the following conditions exist:

* * *

(2) The parent is incarcerated or institutionalized for a period of twelve months or more with no other available assets, unless the parent is incarcerated for an offense relating to the abuse or neglect of a child who is the subject of the support order or an offense under Title XXIX of the Revised Code when the obligee or a child who is the subject of the support order is a victim of the offense.

{¶21} Appellant seems to argue that since he was bound by the prior monthly child support obligation from the time period when he began serving his sentence in November of 2013 until the effective date of the modified child support order of August 1, 2015, the trial court somehow engaged in an unfair calculation of imputed

income. As noted above, Appellant is confusing the calculation of income for child support modification purposes with the effective date of the order. At the time the trial court instituted the prior child support obligation, Appellant was not incarcerated. The worksheet utilized in calculating his income for purposes of that order is in the record. The trial court did not impute any income to Appellant when it issued its order modifying Appellant's child support obligation to $0. The trial court conducted this recalculation after the motion for modification was filed by JCCSEA. Although the magistrate's decision originally set the modified child support obligation at $50 per month, after evaluating Appellant's "objection" the trial court recalculated Appellant's child support to $0 and set the effective date at a point a full two months prior to the filing for this modification by JCCSEA. The trial court did not err in calculating Appellant's income for purposes of the child support modification. Appellant's second assignment of error is without merit and is overruled.

{¶22} Based on the foregoing, the trial court did not err or abuse its discretion in its modification of Appellant's child support obligation. The modification was adjusted to $0 per month during the term of his incarceration, no income was imputed to Appellant for that time, and the effective date of the order is two months prior to the filing of the motion to modify. Appellant's assignments of error are without merit and are overruled. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.